UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARTHOLOMEW J. FRAZZITTA, et al.,  ) | CASE NO. 5:16-cv-746 |
| ) | |
| ) | |
| PLAINTIFFS,  ) | JUDGE SARA LIOI |
| ) | |
| vs.  ) | |
| ) | MEMORANDUM OPINION |
| THE CHERYL L. VENARGE TRUST  ) | |
| U/A/D June 5, 1995, et al.,  ) | |
| ) | |
| DEFENDANTS.  ) | |

In this state law action, plaintiffs, Bartholomew and Geraldine Frazzitta (collectively "plaintiffs" or "sellers"), brought suit to recover contract damages resulting from the alleged breach of a purchase agreement involving the sale of their home. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants, the Cheryl L. Venarge Trust U/A/D June 5, 1995, David Venarge and Cheryl Venarge (collectively "defendants" or "buyers"), move to dismiss the action for a failure to state a claim. (Doc. No. 12 ["Mot."].) Plaintiffs oppose the motion (Doc. No. 13 ["Opp'n"]), and defendants have filed a reply. (Doc. No. 14 ["Reply"].) For all of the following reasons, defendants' motion is denied.

**I.  BACKGROUND**

All facts are taken from the First Amended Complaint and those documents appended thereto that the Court may properly consider on a Rule 12(b)(6) motion. (Doc. No. 9 (First Amended Complaint ["FAC"]).) Plaintiffs were the owners of residential property in Summit County, Ohio. (FAC ¶ 10.) On June 12, 2014, defendants offered to purchase the property from plaintiffs for $1,300,000 and memorialized their offer by affixing their signatures to a form real

estate purchase agreement. (*Id*. ¶11; Doc. No. 9-1[1] ("Purchase Agreement") at 155.)[2] On June 14, 2014, the sellers signed the Purchase Agreement, indicating that they accepted the buyers' offer. (*Id*.)

The Purchase Agreement contained two provisions that are especially relevant to defendants' dispositive motion. First, Section "Q", provided:

> (Q) <u>BINDING AGREEMENT</u>: This Agreement shall be deemed binding and valid when the latter of the parties signs it without making material change and then delivers either written or verbal notice of such signatures to the other party or the other party's agent.

(*Id*. at 154, emphasis and capitalization in original.) The following section—R—was titled "SPECIAL CONDITIONS," and consisted of a box that contained the following handwritten language: "SELLER AND BUYER MUST AGREE TO ADDENDUM I & II." (*Id*., emphasis and capitalization in original.) It appears that the various parties added their initials below the handwritten language, along with the date "6-14-14[,]" though it is somewhat unclear as to when the parties, in particular the buyers, initialed section R.[3]

These addenda to the Purchase Agreement also play prominently in the buyers' motion. Addendum I contains a list of approximately 100 items the sellers agreed to leave with the property and was signed by the buyers on June 15, 2014. (*Id*. at 156.) The sellers appear to have signed Addendum I on June 16, 2014. Moreover, from the list of items that were to be left behind by the sellers, the words "plantstand," "topiary," and "dishes" were crossed out and the

---

[1] This document has been placed under seal upon plaintiffs' motion. (*See* Doc. Nos. 10, 11.)

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] Section "L" also addressed the fixtures and equipment that was to be left with the premise. Several words in that section are crossed out, and the following handwritten language appears: "ALL PER ADDENDUM I OR II." Various initials, and the date "6-14-14," appear below this language. (Purchase Agreement at 153.)

2

initials "GF" appeared next to each deletion. (*Id.*) Addendum II purports to be a continuation of the laundry list of items that were to be left behind and contains certain other deletions and additions. (*Id.* at 157.) These markings form the basis for the buyers' dispositive motion.

The Purchase Agreement provided that the deadline to close the sale of the property was June 24, 2015. (FAC ¶ 14; Purchase Agreement, Section D, at 151.) The buyers, "however, decided not to close the transaction and refused to perform the terms of the Purchase Agreement[.]" (FAC ¶ 16.) In an email to the sellers' real estate agent dated June 14, 2014, defendant Cheryl Venarge explained that they "decided to walk away from" the deal to purchase plaintiffs' home because they had determined that the purchase would not be "practical" in that they only lived in Summit County part of the year. (Doc. No. 9-5 (June 16, 2014 email) at 185.) On July 27th and 29th, the parties executed a form instructing the title company to release the $25,000 the buyers had placed in escrow as earnest money pursuant to the terms of the Purchase Agreement. (Doc. No. 9-2 (Instructions to Release Funds) at 161; *see* FAC ¶¶ 13, 17; Purchase Agreement, Section O, at 154.) The release indicated that the parties had entered into an agreement to purchase plaintiffs' home on June 16, 2014, and that the buyers decided not to close on the sale. (*Id.*) Plaintiffs were unable to sell their home until March 23, 2015, when they sold the property to a different purchaser for $ 995,000. (*Id.* ¶ 18.)

Plaintiffs filed the present action in this Court on March 25, 2016, raising a single state law claim for breach of contract and invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1 (Complaint).) Defendants moved to dismiss the complaint, asserting that a condition precedent—agreement on the addenda—was never satisfied. (*See* Doc. No. 8.) In lieu of a response to the motion, plaintiffs filed the FAC. Defendants subsequently moved to dismiss

plaintiffs' amended pleading.[4] In their motion to dismiss the amended complaint, the buyers argue that, when the sellers made changes to the addenda, they tendered a counteroffer that was never accepted by the buyers. Lacking mutual assent regarding the revisions, the buyers argue that no contract ever formed and they were free to walk away from the deal. (Mot. at 290-91.)

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 421, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874-75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint") (quotation marks and citations omitted); *see also Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document") (quotation marks and citation omitted).

---

[4] The Court hereby denies defendants' motion to dismiss the original complaint as moot.

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

In deciding a motion to dismiss and/or a motion for judgment on the pleadings under Rule 12, the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that, in ruling on a Rule 12 dispositive motion, a district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)

5

(citations omitted); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted).

The Purchase Agreement, the addenda, and the other documents referenced in and appended to the FAC form the basis for plaintiffs' breach of contract claim. Accordingly, the Court may consider these documents without converting the present motion to dismiss into one for summary judgment.

### III. DISCUSSION

As set forth above, defendants seek dismissal of the FAC. They contend that plaintiffs have "ignor[ed] one of the most fundamental rules of contract law: that a purported 'acceptance' which contains additional, differing, or omitted terms from the offer is not an acceptance at all— it is a rejection and counter-offer which the original offeror is free to accept or decline for any reason whatsoever." (Mot. at 290.) Because they did not accept plaintiffs' purported counter-offer, it is defendants' position that there was no mutual assent and no contract ever formed. Not surprising, plaintiffs disagree with defendants' assessment. They insist that the Purchase Agreement was valid and enforceable upon full execution of the contract on June 14, 2016, and that the alterations to the addenda constituted "a mere modification of the original contract and the latter remains in force as modified." (Opp'n at 317, quotation marks and citation omitted.)

The parties do, at least, agree that Ohio law governs this contract dispute. "Under Ohio common law, contract formation requires 'mutual assent (generally, offer and acceptance) and consideration. The plaintiff must also show . . . a meeting of the minds and that the contract was

6

definite as to its essential terms.'" *Faurecia Auto. Seating, Inc. v. Toledo Tool & Die Co., Inc.*, 579 F. Supp. 2d 967, 971 (N.D. Ohio 2008) (quoting *Nilavar v. Osborn*, 711 N.E.2d 726, 732 (Ohio Ct. App. 1998)); *see Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1195 (S.D. Ohio 2013) (similar) (citations omitted); *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2012) ("A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract.") (citation omitted); *see also Bruzzese v. Chesapeake Exploration, LLC*, 998 F. Supp. 2d 663, 673 (6th Cir. 2014) (noting that, under Ohio law, the term "mutual assent" is used interchangeably with the term "meeting of the minds" ) (citations omitted); *Advance Sign Grp., LLC v. Optec Displays, Inc.*, 722 F.3d 778, 784 (6th Cir. 2013) (similar) (citation omitted).

> As to mutual assent under Ohio law, the Sixth Circuit has noted that:
>
> The manifestation of assent may be made wholly or partly by written or spoken words, or by other acts or the failure to act. Whether there has been a manifestation of mutual assent and/or a meeting of the minds is a question of fact to be determined from all the relevant facts and circumstances.

*Advance Sign Grp.*, 722 F.3d at 784 (quotation marks and citations omitted); *Costner Consulting Co. v. U.S. Bancorp*, 960 N.E.2d 1005, 1010 (Ohio App. Ct. 2011) (noting that "this court has reversed entries of summary judgment when issues of fact concerning the existence of a contract remained and when the trial court impermissibly weighed the evidence to determine whether a contract existed between the parties") (collecting cases).

Defendants are correct when they represent that a contract is not enforceable until the parties reach agreement on all essential terms. (Mot. at 294, citations omitted.) *See Kostelnik*, 770 N.E.2d at 61 (citation omitted). Accordingly, the relevant question becomes: when did the parties intend the agreement would be effective; or, approaching it from a different angle, was an agreed list of personal items to be left behind an essential term of the contract requiring mutual

assent?

Relying on the phrase "must agree" in Section R of the Purchase Agreement, defendants argue that it was clearly the parties' intent that the "Purchase Agreement would be complete, binding, and enforceable only if the parties agreed to and mutually executed Addenda I & II." (Mot. at 296, record citation omitted.) Because the parties never reached agreement as to each item identified in the addenda, it is the sellers' position that no contract ever formed and they were free to abandon the deal without consequences. They contend that the sellers made a counteroffer when they made changes to the addenda—a counteroffer the buyers never accepted. This position is persuasive. The Purchase Agreement references the addenda twice, and the second reference comes with a caution that there "must" be agreement as to these documents. Still, the Court is reluctant to make a determination as to mutual assent at this early stage in the litigation, and the buyers have failed to direct the Court to any authority that would support such a ruling at this time.[5] Thus, this case will continue. When the Court is asked to revisit the issue of mutual assent, as it will undoubtedly be on a Rule 56 motion, the parties should be prepared to fully discuss the role of the Court or a factfinder in determining this contract element and the evidence that may be considered.

---

[5] Even after the sellers raised the issue of whether the buyers' motion to dismiss was premature, the buyers continued to rely on Ohio case law that grew out of summary judgment rulings and/or jury verdicts.

## IV. CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss the FAC (Doc. No. 12) is denied.

**IT IS SO ORDERED**.

Dated: March 22, 2017

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**